# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3051

_____

| | | |
|---|---|---|
| David H. Conrad, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| International Association of | * | Western District of Missouri. |
| Machinists and Aerospace Workers, | * | |
| AFL-CIO; Trans World Airlines, Inc., | * | |
| | * | |
| Defendants - Appellees, | * | |

_____

Submitted: April 18, 2003

Filed: August 5, 2003

_____

Before LOKEN, Chief Judge, HANSEN and RILEY, Circuit Judges.

_____

LOKEN, Chief Judge.

Trans World Airlines ("TWA") fired mechanic David H. Conrad for failing to pay dues to the International Association of Machinists and Aerospace Workers (the "IAM"), as required by the collective bargaining agreement between the IAM and TWA ("the Agreement"). Conrad then commenced this action against the IAM and TWA, alleging that their refusal to permit him to pay agency fees -- the reduced sums owed by an employee who does not wish to finance a union's political activities -- through the collectively bargained checkoff procedure breached the Agreement and

the IAM's duty of fair representation, and violated the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.*, and the First Amendment. The district court[1] granted summary judgment dismissing these claims, and Conrad appealed. We stayed the appeal and then dismissed TWA because of its June 2001 bankruptcy and subsequent sale to American Airlines. We now affirm the grant of summary judgment to the IAM.

## I.

In 1951, Congress amended the Railway Labor Act to permit "union shop" collective bargaining agreements, that is, "agreements, requiring, as a condition of continued employment, that . . . all employees shall become members of the labor organization representing their craft or class." Act of Jan. 10, 1951, ch. 1220, 64 Stat. 1238, adding § 2, Eleventh (a), to the Railway Labor Act, codified at 45 U.S.C. § 152, Eleventh (a). At the same time, Congress authorized carriers and unions to agree to dues checkoffs, that is, procedures "providing for the deduction by such carrier . . . from the wages of its . . . employees . . . of any periodic dues, initiation fees, and assessments . . . uniformly required as a condition of acquiring or retaining membership" in the union. 45 U.S.C. § 152, Eleventh (b).

Some years later, the Supreme Court considered the question whether § 152, Eleventh (a), may be applied to require an employee to pay union dues to finance political activities the employee opposes in order to retain his job in a collectively bargained union shop. To avoid the First Amendment issues such an interpretation would raise, the Court construed the union shop authorization in § 152, Eleventh (a), to "deny the unions, over an employee's objection, the power to use his exacted funds to support political causes which he opposes." Int'l Ass'n of Machinists v. Street, 367 U.S. 740, 768-69 (1961). However, to carry out Congress's intent in

---

[1] The HONORABLE GARY A. FENNER, United States District Judge for the Western District of Missouri.

authorizing union shops in § 152, Eleventh (a), the Court held that employees who object to paying full union dues must nonetheless "pay their fair share of union expenditures 'necessarily or reasonably incurred for the purpose of performing the duties of an exclusive representative of the employees in dealing with the employer on labor-management issues.'" Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 873 (1998), quoting Ellis v. Bhd. of Ry., Airline & S.S. Clerks, 466 U.S. 435, 448 (1984). Such payments have become known as agency fees.

In this case, when TWA assigned Conrad to a mechanic position in May 1996, he became subject to Article 26 of the Agreement, which contained a union security clause requiring each mechanic to join the IAM and to remain a member in good standing and a checkoff clause authorizing TWA to deduct IAM dues from the wages of its members. Conrad joined the IAM and signed a checkoff form authorizing TWA to deduct $37.70 per month from his wages "to cover standard monthly membership dues." Some months later, Conrad learned that he could become an agency fee payer if he objected to paying dues to cover IAM expenses not germane to the collective bargaining process. In November 1997, Conrad requested that the IAM place him on agency fee payer status.

When the IAM placed Conrad on agency fee status, it notified TWA to stop deducting union dues from his wages. When Conrad learned of this, he advised the IAM that he would pay agency fees only if TWA deducted them directly from his wages. The IAM requested that TWA deduct a reduced agency fee rather than Conrad's full union dues. But TWA refused, citing the provision in Article 26 that it need only deduct monthly dues that conform "to the applicable rates for employees of his classification at his point on the system." Conrad persisted in refusing to pay agency fees directly to the IAM. After unsuccessful efforts to resolve the dispute informally, the IAM requested that TWA terminate Conrad for failure to pay union dues, as required by Article 26 of the Agreement. Accordingly, TWA informed Conrad that he was being terminated.

Conrad challenged the termination and requested a hearing before the TWA-IAM System Board of Adjustment established pursuant to the Agreement and the Railway Labor Act. See 45 U.S.C. §§ 153, 184. After a hearing, the Board rejected his grievance, concluding that termination was proper because TWA's checkoff obligations were limited to its undertakings in the Agreement, and Article 26 only authorized payroll deductions of "standard monthly membership dues." TWA then terminated Conrad. This lawsuit followed.

In his complaint, Conrad alleged that the IAM violated its duty of fair representation, TWA breached the Agreement and violated the RLA, and both the IAM and TWA violated his First Amendment rights. In opposing defendants' motions for summary judgment, Conrad framed the issues as follows:

> The key question is whether the Railway Labor Act entitles Conrad to tender his agency fee to the Union in the same manner that non-objectors tender their union dues. If the answer to this question is in the affirmative, it follows that TWA breached the collective bargaining agreement when it terminated Conrad because the agreement provides . . . that the checkoff authorization shall be in accordance with the RLA. It also follows that IAM violated its duty of fair representation by demanding that TWA terminate Conrad's employment.
>
> On the other hand, if the RLA is construed to permit TWA and IAM to deny Conrad the opportunity to tender his agency fee in the same manner that non-objectors tender their union dues, the question then becomes whether this denial constitutes an unconstitutional infringement of Conrad's First Amendment . . . rights.

The district court granted summary judgment. The court concluded that the IAM did not breach its duty of fair representation, either when it negotiated the Agreement, or when it insisted that Conrad pay agency fees and urged his discharge when he refused to pay. The court further concluded there was no Railway Labor Act

or First Amendment violation because "the IAM was not responsible for the system which rendered [Conrad] unable to satisfy his dues obligation by having it withheld from his paycheck. Rather, TWA was responsible for that inability because of its antiquated payroll system." Moreover, the court observed, "the alleged infringement [of Conrad's First Amendment rights] cannot possibly be characterized as severe" because the lack of a payroll deduction "merely meant that [he] would have to pay his agency fees by check or cash, the same way most bills are paid."

## II.

On appeal, Conrad first argues that the district court erred in granting summary judgment because "the claimed inability of TWA's payroll system to accommodate payroll deduction of objectors' fees" is a disputed issue of material fact. Even if this fact is genuinely disputed, we conclude it is not material. The System Adjustment Board determined that TWA acted in accordance with the Agreement when it refused to deduct an amount less than full union dues under the checkoff provision. Conrad could have but did not seek judicial review of that determination. See 45 U.S.C. § 153, First (q); Sorensen v. Chicago & N.W. Transp. Co., 627 F.2d 136, 138 (8th Cir. 1980). Thus, the contract interpretation issue has been finally determined, without regard to TWA's *reason* for its refusal. In addition, TWA has been dismissed from the appeal, so any errors in granting summary judgment on Conrad's claims against that defendant are moot.

Likewise, we fail to see how this fact issue is material to Conrad's claim that the IAM breached its duty of fair representation. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967). As the district court noted, the IAM did not breach its duty in negotiating the Agreement some years before this dispute arose. Union shop and dues checkoff provisions are expressly authorized by § 152, Eleventh, and by

-5-

numerous Supreme Court decisions. See, e.g., Felter v. S. Pac. Co., 359 U.S. 326, 333 (1959). Even if the IAM had a duty to bargain for a checkoff provision accommodating existing agency fee payers who desired special payroll deductions (an issue we do not consider), the record does not reveal whether the TWA work force included any such employees when the Agreement was negotiated. Cf. Nielsen v. Int'l Ass'n of Machinists, 94 F.3d 1107, 1115 (7th Cir. 1996) (upholding the facial validity of an unqualified union security clause), cert. denied, 520 U.S. 1165 (1997). In addition, the IAM did not breach its duty when Conrad requested agency payer status. It promptly granted his request and permitted him to pay only the agency fee rather than requiring payment of full union dues subject to a later rebate, the more onerous procedure at issue in Ellis, 466 U.S. at 443-44, and discussed at length in Chicago Teachers Union v. Hudson, 475 U.S. 292, 304-09 (1986), which involved First Amendment limitations on union shop agreements binding public employees.

Nor did the IAM breach its duty of fair representation when Conrad demanded that he be permitted to pay agency fees through payroll deductions. The IAM asked TWA to deduct Conrad's agency fees. TWA refused, as the System Adjustment Board later determined it was entitled to do under Article 26 of the Agreement. A dues checkoff provision is merely authorized by § 152, Eleventh (b); it "is purely a creature of contract." Trans World Airlines, Inc. v. Indep. Fed'n of Flight Attendants, 809 F.2d 483, 491 (8th Cir. 1987), aff'd by an equally divided court, 485 U.S. 175 (1988). Thus, TWA was not obligated to modify the Agreement at the IAM's request. When negotiating such issues, the duty of fair representation requires only that unions "make such concessions and accept such advantages as, in the light of all relevant considerations, they believe will best serve the interests of the parties represented." Ford Motor Co. v. Huffman, 345 U.S. 330, 337-38 (1953). Absent evidence of union bad faith, the reason TWA refused to modify its contractual checkoff obligation is not material to whether the IAM breached its duty of fair representation when negotiating the issue.

Finally, Conrad argues that, because the term "periodic dues" is found in both subsections (a) and (b) of 45 U.S.C. § 152, Eleventh, the agency fee limitations adopted by the Supreme Court in construing subsection (a) apply equally to checkoff procedures authorized by subsection (b), and therefore the full-dues-only checkoff limitation in the Agreement violates the Railway Labor Act. We disagree with the statutory premise of this argument. "The [Railway Labor] Act makes no formal relationship between a union-shop arrangement and a checkoff arrangement; under it the parties can negotiate either one without the other, if they are so disposed." Felter, 359 U.S. at 337 n.12. Moreover, even if the First Amendment concerns that drove the Court's interpretation of subsection (a) limit the types of checkoff clauses permitted by subsection (b), the grant of summary judgment was not improper in this case. We agree with the district court that TWA's adherence to the full-dues-only payroll deduction clause left Conrad with the minimal burden of paying agency fees directly to the IAM for the remainder of the Agreement's term. TWA was under no statutory or constitutional duty to save Conrad this burden at its own expense. Rather, TWA was entitled to insist that the IAM and Conrad adhere to the terms of an agreed checkoff clause that was expressly authorized by the Railway Labor Act. The IAM is not liable to Conrad because TWA chose to exercise its contractual right under the Agreement.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-